## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDREW W. SCANLAN and MARIA O.
FIGHERA,

|  |  |
|---|---|
| Plaintiffs, | Case No. 2:14-cv-12773 |
| v. | Hon. Lawrence P. Zatkoff |

RIGHT BUY PROPERTIES LTD., RON
MACKIE, FAIRMONT INVESTMENTS
LIMITED, and SCOTT McCORQUODALE,

       Defendants.

_____/

### ORDER OF DISMISSAL

This matter is before the Court on Plaintiffs' Complaint [dkt 1] and *Ex Parte* Motion for a Temporary Restraining Order [dkt 6]. For the following reasons, this case is DISMISSED with prejudice for lack of jurisdiction. Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order is DENIED as moot.

Plaintiffs Andrew Scanlan and Maria Fighera are Australian citizens. Defendant Right Buy Properties ("RBP") is a domestic limited liability company registered in the state of Michigan. Defendant Ron Mackie, the founding director of RBP, is a Michigan resident. Defendant Fairmont Investments Limited is a Private Limited Company registered in the United Kingdom. The citizenship of Defendant Scott McCorquodale is unknown to the Court.

District courts have an independent obligation to address subject-matter jurisdiction *sua sponte*. *Grupo Dataflux v Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("Moreover, by whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements."). In their complaint filed on July 15, 2014, Plaintiffs allege that "[j]urisdiction is proper under 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between

Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and

costs."[1] 28 U.S.C. § 1332(a) provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> > (1) citizens of different States;
> >
> > (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> >
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Both Plaintiffs are Australian citizens. As a result, this Court does not have jurisdiction under §

1332(a)(1). Similarly, "the presence of foreign parties on both sides of the dispute destroys the complete

diversity required by § 1332(a)(2)." *Ruhrgas AG v Marathon Oil Co.*, 526 U.S. 574, 580 n. 2 (1999).

*See also TC Power Ltd. v. Guardian Industries Corp.*, No. 13-2147, 2014 WL 2596518, at *2 (6th Cir.

June 10, 2014), quoting *U.S. Motors v General Motors Europe*, 551 F.3d 420, 424 (6th Cir. 2008). The

presence of foreign parties on both sides of the instant dispute renders diversity incomplete, and the Court

therefore lacks jurisdiction under § 1332(a)(2). Nor does the Court have jurisdiction under § 1332(a)(3),

"because there is not a United States citizen on each side of the dispute." *Peninsula Asset Mgmt.

(Cayman) Ltd. v Hankook Tire Co., Ltd.*, 509 F.3d 271, 272-73 (6th Cir. 2007). Finally, the Court lacks

---

[1] Plaintiffs do not allege federal question jurisdiction.

2

jurisdiction under § 1332(a)(4) because neither Plaintiff is a foreign state.  Consequently, Plaintiffs failed to demonstrate that this Court has jurisdiction over this matter.

Accordingly, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice for lack of jurisdiction.  Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order [dkt 6] is DENIED as moot.

IT IS SO ORDERED.

Date:  July 22, 2014                                    S/Lawrence P. Zatkoff
                                                        Hon. Lawrence P. Zatkoff
                                                        U.S. District Judge